UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 05-20745-CR-JORDAN/KLEIN

18 U.S.C. §1343
18 U.S.C. §2

UNITED STATES OF AMERICA

vs.

GARY S. KRASER,

       Defendant.
_____/



## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times material to this Indictment:

1. The website www.AirKatrina.com (hereinafter referred to as "the website") was created on or about August 31, 2005 and posted on the Internet. The website stated that Air Katrina was a "group of Florida pilots" who were "flying medical supplies into Louisiana," "transporting children in need of immediate medical attention," and "donating their time, cargo space, & resources to the victims of Hurricane Katrina."

2. The website www.AirKatrina.com solicited donations on behalf of Air Katrina,

stating, inter alia, that "[e]very dollar, every nickel, will go directly into the tanks of these pilots [sic] planes on their mission of mercy." The website included a schedule of suggested donations ranging from $5 for a "partial tank" of jet fuel to $3,000 for a "full tank" of jet fuel. The website instructed that donations could be sent to "Northern Trust Bank of Florida, Aventura, FL 33180, A/C World Jet, ABA (Routing No) 066XXX650, Swift Code CNORUS3M, A/C #171XXXX007" or to the Law office of H.N. Trust Account in Pembroke Pines, Florida.

3. The Northern Trust Bank of Florida, N.A. ("Northern Trust Bank of Florida"), a wholly-owned subsidiary of Northern Trust Corporation, had a branch office located at 18909 N.E. 29th Avenue, Aventura, Florida, 33180. The signatory of Northern Trust Bank of Florida account number 171XXXX007 was defendant **GARY S. KRASER.** The name on the account was World Class Jet Corp., a company incorporated by **KRASER** on November 14, 1994.

4. PayPal®, owned by eBay, was an account-based service that allows customers to send and receive money online for transactions conducted over the Internet. The website www.AirKatrina.com also provided for a direct link to a web page at www.PayPal.com where donations could be made to Challenger135@aol.com.

5. **GARY S. KRASER** resided in Aventura, Florida, in Miami-Dade County. **KRASER's** email address was Challenger135@aol.com.

### COUNTS 1-4
### Wire Fraud
### (18 U.S.C. §§1343 and 2)

1. Paragraphs 1 through 5 of the General Allegations Section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From in or about August 28, 2005, to on or about September 6, 2005, in Miami-Dade

2

County, in the Southern District of Florida, and elsewhere, the defendant,

**GARY S. KRASER,**

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money and property from others by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. The purpose of the scheme and artifice was for **GARY S. KRASER** to unjustly enrich himself by fraudulently soliciting charitable donations through "AirKatrina.com" purportedly to support humanitarian relief flights to the areas affected by Hurricane Katrina. Specifically, **KRASER** made materially false representations and concealed and omitted to state material facts concerning, among other things, the need for funds to purchase jet fuel for supposed medical supply and air rescue flights being made by **KRASER** on behalf of Hurricane Katrina victims.

### SCHEME AND ARTIFICE

The manner and means by which **GARY S. KRASER** sought to accomplish the purpose of the scheme and artifice included, but were not limited to, the following:

4. **GARY S. KRASER**, directly and indirectly, led individuals to believe that, both immediately prior to and in the aftermath of Hurricane Katrina, he was flying airplanes into the affected areas of Louisiana in order to provide humanitarian relief, including the provision of medical supplies and the evacuation of critical care patients.

5. **GARY S. KRASER**, directly and indirectly, further led individuals to believe that he was organizing pilots from Florida to fly medical supplies into Louisiana after Hurricane Katrina

and to evacuate persons in need.

6. **GARY S. KRASER** helped create www.AirKatrina.com, through which he solicited monetary donations to support fictitious humanitarian relief flights into Louisiana supposedly being made by **KRASER** and Florida pilots.

7. Through the website, **GARY S. KRASER** caused donations of money to be deposited into his bank account at the Northern Trust Bank of Florida, his account at PayPal®, and a trust account of an attorney acquaintance.

8. To induce individuals to donate money through the website, **GARY S. KRASER** made, and caused others to make, in personal conversations, e-mail correspondence, web postings, and on the website, numerous materially false statements, and concealed and omitted to state, and caused others to conceal and omit to state, material facts, including among others, the following:

<u>**Materially False Statements**</u>

a. That any donations received through the website would be used solely to pay for jet fuel costs associated with hurricane relief flights to Louisiana, when, in truth and in fact, the donations were not being used for this purpose;

b. That **KRASER** was making medical supply and rescue flights to the areas of Louisiana affected by Hurricane Katrina, when, in truth and in fact, the defendant made no such flights;

c. That, on one of the flights returning from Louisiana, **KRASER** evacuated a seven-month old infant in need of critical medical care to South Florida where the infant underwent transplant surgery, when, in truth and in fact, the defendant did not evacuate a seven-month old infant from Louisiana;

4

d. That **KRASER** was organizing Florida pilots who were also making medical supply and rescue flights to the areas of Louisiana affected by Hurricane Katrina, when, in truth and in fact, **KRASER** was not organizing Florida pilots to make any such flights;

e. That **KRASER** had "special clearance" to make departure from a Louisiana airfield on the eve of Hurricane Katrina because he was evacuating "political figures," when, in truth and in fact, the defendant had no "special clearance" and had evacuated no one;

f. That **KRASER** had been employed by the White House under four different Presidents of the United States and had worked aboard Air Force One, the plane which carries the sitting President, and thus, received special clearance to fly relief flights into Barksdale Air Force Base, when, in truth and in fact, the defendant had never been so employed and did not have clearance to use Barksdale Air Force Base;

g. That **KRASER's** plane and Air Force One carrying President Bush "tipped wings" during one of **KRASER's** humanitarian relief trips to Louisiana, when, in truth and in fact, the defendant had no such encounter with Air Force One and did not make a humanitarian relief flight to Louisiana;

h. That **KRASER** and the Florida pilots working with him were personally paying for all of the expenses associated with their hurricane relief flights to Louisiana, including $3,000 to $4,000 in jet fuel for each round trip between Florida and Louisiana, when, in truth and in fact, there were no such flights for which either **KRASER** or other pilots had to incur any expense;

5

### Concealment and Omission of Material Facts

i.  That **KRASER** was misappropriating donated money for his own personal use and benefit; and

j.  That **KRASER** did not possess a valid pilot's license.

### USE OF THE WIRES

9.  On or about the dates specified as to each Count below, **GARY S. KRASER**, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property from others by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as more particularly described in each Count below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | August 30, 2005 | Telephone call between **GARY S. KRASER** in the Southern District of Florida and Donor D.M. in Arizona |
| 2 | August 30, 2005 | Telephone call between **GARY S. KRASER** in the Southern District of Florida and Donor D.M. in Arizona |
| 3 | September 1, 2005 | Wire transfer from Donor F.T.'s bank account in a foreign country, in the amount of $1,000, to **GARY S. KRASER's** Northern Trust Bank of Florida account # 171XXXX007 in the Southern District of Florida |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 4 | September 1, 2005 | Wire transfer from Donor K.H's bank account. in a foreign country, in the amount of $20,000, to **GARY S. KRASER's** Northern Trust Bank of Florida account #171XXXX007 in the Southern District of Florida |

A TRUE BILL

*Randolph H. Fields*
FOREPERSON

*[signature]*
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

*[signature]*
JOAN SILVERSTEIN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 05-20745 CR-JORDAN/KLEIN

UNITED STATES OF AMERICA

vs.

GARY S. KRASER,

        Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division**: (Select One)

  X  Miami   ___ Key West
  ___ FTL   ___ WPB   ___ FTP

New Defendant(s)   Yes ___  No ___
Number of New Defendants  ___
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect  _____

4. This case will take  4  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)             (Check only one)

| | | | |
|---|---|---|---|
| I | 0 to 5 days | X | Petty |
| II | 6 to 10 days | ___ | Minor |
| III | 11 to 20 days | ___ | Misdem. |
| IV | 21 to 60 days | ___ | Felony  X |
| V | 61 days and over | | |

6. Has this case been previously filed in this District Court? (Yes or No)  No
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?  (Yes or No)  No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  ___ Yes  X No

8. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999?  ___ Yes  X No
If yes, was it pending in the Central Region?  ___ Yes  ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  X No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?  ___ Yes  X No

[signature]

JOAN M SILVERSTEIN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0997330

\*Penalty Sheet(s) attached

REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __GARY S. KRASER__

Case No: 05-20745-CR-JORDAN / KLEIN

Counts #: 1-4

Wire Fraud

18 U.S.C. § 1343

* Max.Penalty:    20 years' imprisonment as to each count

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

Grand Jury

Indictment No. 04-805-MCR-004(

FORM DBD-34
March 04

No. 05-20745-CR-JORDAN/KLEIN

UNITED STATES DISTRICT COURT

_____SOUTHERN_____ District of _____FLORIDA_____

THE UNITED STATES OF AMERICA

vs.

GARY S. KRASER,

Defendant.

## INDICTMENT

18 U.S.C. § 1343
18 U.S.C. § 2

A true bill.

*Randolph N. Fields*
FGJ 04-805(MIA) _____
                              Foreman

Filed in open court this ____29____ day,

of ____September____ A.D. 2005

_____
                              Clerk

Bail, $ _____