2005 NOV -7 PM 2:46

CLERK U.S. DIST. CT. S.D. OF FLA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-20745-CR-Jordan

UNITED STATES OF AMERICA,

Plaintiff

v.

GARY S. KRASER,

Defendant.

**GOVERNMENT'S RESPONSE TO**

**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. Enclosed, please find copies of 2 audio tapes which contain recordings of conversations had by the defendant.

2. Enclosed please find a copy of the FBI Report of Interview concerning an oral statement made by the defendant before arrest in response to interrogation by any person then known to the defendant to be a government agent. Attached to the report are documents supplied to the agents during the course of the interview.

3. No defendant testified before the Grand Jury.

22/RA

4. The defendant does not have a criminal record according to NCIC.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 400. Please call the undersigned to set up a date and time that is convenient to both parties.

As a courtesy to defense counsel, copies of the following items which could be copied are attached: 1) PayPal account information for Gary S. Kraser; 2) AOL subscriber and billing information for mr800king@aol.com and challenger135@aol.com; 3) Northern Trust Bank records; 4) Bell South telephone records for 305-935-5507; 5) Letter from Cyber Wurx; 6) CapitalOne records for defendant; 7)Daimler Chrysler Records for defendant; 8)City National Bank records for Howard Neu Trust Account; 9) T-mobile records for 954-701-5507; 9) FAA records showing 1976 Medical Certification for defendant; 10) FAA record of diligent search for Kraser license; 11) postings from Targetted Traffic forum message board for 8/28/05 through 9/7/05; 12) e-mails provided by forum members; 13) copy of AirKatrina website; 14) e-mail from Greg Abrell concerning conversation with defendant; 15) report of interview with Abrell; 16) report of interview with Biurakis; 17) Kalitta Charters invoice; 18) Kalitta Charters Agreement of Aircraft Charter; 19) credit card authorization; 20) credit card receipt; 21) report of interview with Richard Donofrio; 22) Big Al's Gun and Pawn, Inc. transaction form; 23) report of interview with Donna Mahoney; 24) emails supplied by Donna Mahoney; 25) emails with Carla Brawley; 26) report of interview with Howard Neu; 27) Neu Trust Account ledger; 28)emails supplied by Howard Neu; 29) report of interview with Steven Sacks; 30) emails supplied by Steven Sacks; 31) report of interview with Michael P. Sonier; 32) emails and documents provided by Sonier; 33) FBI call search report; 34) Stryker invoice; 35) September 9, 2005 letter to Dorothy Browning; 36) September 20, 2005 letter from FAA regarding filing of flight plans; 37) Chase credit card account records; and 38) CD-ROM with Northern Trust Bank photographs of defendant, and message board postings.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government has disclosed any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. Although the defendant has not yet requested disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial, the government hereby discloses that it intends to offer the expert testimony of a computer analyst who will testify as to the relevant files, web postings, and emails found on the defendant's computer.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1. The telephone phone toll records, bank records, and receipts and invoices attached hereto are true copies of business records of their respective corporations. They were maintained in the course of a regularly conducted business activity and created at or near the time of the transaction by, or from information transmitted by, a person with knowledge of that transaction.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time: see Indictment
Date: see Indictment
Place: see Indictment

The attachments to this response are numbered pages GK00001 through GK01320. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: ______________________________

Joan M. Silverstein
Assistant United States Attorney
Florida Bar No. 0997830
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9121
Fax: (305) 530-6168
Email: joan.silverstein@usdoj.gov

cc: Special Agent Melissa Lawrence, FBI

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this November 7, 2005 to: Alvin Entin, Esq., Entin, Della Fera & Greenberg, P.A., AutoNation Tower, Suite 1970, 110 Southeast Sixth Street, Ft. Lauderdale, FL 33301.

Joan M. Silverstein
Assistant United States Attorney